UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CHINOOK USA, LLC | ) | CHAPTER 11 |
| | ) | |
| Debtor | ) | CASE NO. 15-30057-acs |
| | ) | |

**OBJECTION TO CLAIM OF
DUCK COMMANDER, INC.**
✳✳✳  ✳✳✳  ✳✳✳

Comes now, Chinook USA, LLC ("Chinook" or "Debtor" herein), Debtor and Debtor-In-Possession in the above-captioned matter and hereby files Debtor's Objection to Claim of Duck Commander, Inc. (the "Claimant") [Claim No. 24]. In support of this Objection, Chinook states as follows:

**Jurisdiction**

1.      The Court has jurisdiction to hear this Objection under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding as defined in 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      Sections 502 and 558 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Procedure") authorize the relief requested in this Objection.

**Background**

3.      On or around January 7, 2014, Chinook and Duck Commander, Inc. ("Duck Commander" or "Claimaint" herein) entered into a Merchandising License Agreement (the "Agreement").

4.      Pursuant to the Agreement, Duck Commander, as licensor, granted Chinook, licensee, the exclusive right and license to use, manufacture, have manufactured, sell, distribute and advertise iced tea, ready-to-drink teas and ready-to-drink beverages (collectively, the "Licensed Products") bearing or referring to Duck Commander's trademarks and images associated with Duck Commander Family Foods, Si Robertson, and/or Uncle Si (collectively, the "Licensed Properties").

5.      Pursuant to the terms of the Agreement, Chinook's exclusive license was for an initial term of five (5) years.

6.      As consideration for the exclusive license from Duck Commander, Chinook agreed to pay $250,000.00 to Duck Commander within five (5) days of execution of the Agreement (the "Advance") and an annual guaranteed minimum royalty of $1,000,000.00 payable in quarterly installments (each a "Royalty Installment").[1]

7.      Furthermore, Duck Commander and Chinook agreed to terms of an endorsement and marketing strategy within the Agreement which called for social media activity, commercial shoots, and physical appearances by Si Robertson and other personalities affiliated with the Licensed Properties at events to promote Chinook's Licensed Products, namely "Uncle Si's Iced Tea."

8.      As consideration for Duck Commander's commitment to facilitate and execute the marketing campaign, Chinook agreed to pay an endorsement fee of $1,000,000.00 in four (4) quarterly installments of $250,000.00 beginning June 30, 2014 (each an "Endorsement Installment").

---

[1] Pursuant to the Agreement, each Royalty Installment was subject to adjustment upward based on net sales of the Licensed Products.

9.      Following execution of the Agreement, on or around January 13, 2014, Plaintiff caused its lender, Megan Properties, LLC ("MP"), to pay the Advance to Dahlen as agent for Duck Commander.

10.     On January 18, 2014, Plaintiff caused MP to pay $1,000,000.00 to Duck Commander to demonstrate Plaintiff's financial ability and commitment to a successful launch of the Licensed Products. Upon Plaintiff's information and belief, Duck Commander utilized the $1,000,000 payment to finance its sponsorship of an April 2014 NASCAR race in Arlington, Texas, henceforth known as the "Duck Commander 500."

11.     Subsequently, Plaintiff made two (2) additional transfers of $250,000.00 each to 3292 as agent for Duck Commander on or around June 28, 2014, and September 26, 2014 (collectively, with the January 13 and January 18 payments, the "Payments").

12.     Notwithstanding the Transfers totaling $1,750,000.00 made pursuant to the Agreement, Defendants repeatedly failed or refused to facilitate implementation of the parties' agreed upon marketing strategies set forth in the Agreement.

13.     In fact, in or around November 2014, representatives for Defendants informed Plaintiff, as a proffered excuse for non-performance, that A&E, the network responsible for the rapid growth of the Duck Commander brand through its *Duck Dynasty* reality show, had full control over the day-to-day activities of the personalities which comprised Duck Commander and the Licensed Properties.

14.     Also in or around November 2014, Plaintiff discovered that Defendants had apparently licensed the Licensed Properties to other manufacturers and distributors of ready-to-drink beverages in direct contradiction of the exclusive license granted to Plaintiff.

15.    On January 9, 2015 (the "Petition Date"), Chinook filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code.

16.    Duck Commander's claim represents alleged amounts owed for two Royalty Installments and for one Appearance Installment totaling $750,000.00 (the "Claim").

17.    The Claim should be disallowed because Duck Commander did not provide the contracted for services to Debtor.

## Relief Requested

18.    By this Objection, Chinook seeks entry of an Order disallowing the entirety of Claimant's claim against the estate.

19.    To the extent that Claimant seeks recovery from Chinook's estate, the claim should be disallowed pursuant to Bankruptcy Code § 502(b)(1) as unenforceable against Chinook and its property under applicable law. Claims are deemed allowed "except to the extent that such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. §502(b)(1).

20.    In accordance with the adversary proceeding filed in this Court, Debtor seeks to recover money already remitted to Duck Commander based upon Duck Commander's failure to comply with the terms of the Agreement. Duck Commander's attempt to seek payments not remitted by Debtor based upon this same Agreement and Duck Commander's continuing breach thereof should be disallowed by this Court.

21.    Also, pursuant to Debtor's lawsuit in the United States Bankruptcy Court for the Western District of Kentucky, Case No.: 3:14-CV-01015-CRS (the "District Case"), Debtor has several defenses to Claimant's claim including but not limited to fraudulent inducement, breach

of contract, breach of fiduciary duty, and trademark infringement all alleged against Duck Commander and the Defendants in the District Case.

22.     "Section 502(b)(1) directs a bankruptcy court to disallow a claim if it can be defeated by some legitimate non-bankruptcy legal defense." *Tarantola v. Deutsche Bank Nat'l Trust Co.* (In re Tarantola), 491 B.R. 111, 121 (Bankr. D. Ariz. 2013).

23.     "Once the judge concluded that the bank had breached its contract with [Debtor], the bank's claim was unenforceable against [Debtor]." *In re Werth*, 54 B.R. 619, 624 (Bankr. D. Colo. 1985).

24.     "The bankruptcy court sits as a court of equity when passing on the allowance or disallowance of claims. The court may inquire into the conscionability of a claim and it has full power to inquire into any claim asserted against the estate and disallow it if the claim is without lawful existence." *Id*. at 623.

25.     Here, Duck Commander breached its agreement with the Debtor and its claim allowance or disallowance is within the sole discretion of the bankruptcy court.

WHEREFORE, Chinook respectfully requests that the Court disallow Duck Commander's claim against the estate in its entirety pursuant to Bankruptcy Code § 502(b)(1).

A proposed Order is tendered herewith.

Respectfully submitted,

/s/ David M. Cantor
DAVID M. CANTOR
CHARITY B. NEUKOMM
SEILLER WATERMAN LLC
Meidinger Tower – 22nd Floor
462 S. Fourth Street
Louisville, Kentucky 40202
Telephone: (502) 584-7400
Facsimile: (502) 583-2100
E-mail: cantor@derbycitylaw.com
E-mail: neukomm@derbycitylaw.com
*Counsel for Chinook USA, LLC*

## CERTIFICATE OF SERVICE

It is hereby certified that on August 26, 2015, a true and correct copy of the foregoing was (a) mailed electronically through the U.S. Bankruptcy Court's ECF system at the electronic addresses as set forth in the ECF system to the U.S. Trustee and all other persons receiving electronic notifications in this case, and (b) mailed, first-class, postage prepaid, to those persons, if any, identified in the Court's Notice of Electronic Filing who do not receive electronic notice but are entitled to be served.

/s/ David M. Cantor
DAVID M. CANTOR
CHARITY B. NEUKOMM

G:\doc\DMC\CHINOOK USA\Pldgs\Obj Claim (Duck Commander).doc